UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **PAUL OZBURN,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **ENDURANCE CAPITAL, LLC, d/b/a IBUYHOMES**, a Florida registered company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Paul Ozburn ("Plaintiff Ozburn" or "Ozburn") brings this Class Action Complaint and Demand for Jury Trial against Defendant Endurance Capital, LLC d/b/a IBuyHomes ("Defendant" or "IBuyHomes") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Ozburn, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.  Plaintiff Ozburn is a resident of Kansas City, Missouri.

2.  Defendant IBuyHomes is a Florida registered company headquartered in West Palm Beach, Florida. Defendant IBuyHomes conducts business throughout this District and throughout the US.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in November 2023 alone, at a rate of 150.2 million per day. www.robocallindex.com (last visited December 31, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Endurance Capital LLC operates using the d/b/a IBuyHomes.[3]

15. Based on an investigation, solicitations are sent to prospective buyers of properties and if interested sent to certain iBuyHomes property listings on InvestorLift.com under the iBuyHomes profile.

16. Despite advertising themselves as IBuyHomes, along with a website IBuyHomes.com, there is no corporate registration for iBuyHomes. Rather, if one clicks on the

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://investorlift.com/p/109147

3

button "all company deals" on the iBuyHomes profile on the site InvestorLift.com they are directed to the page Endurance Capital, LLC, which lists all of the iBuyHomes inventory.

17. iBuyHomes.com identifies that it is headquartered in West Palm Beach, Florida and owned by Branden Grimshaw yet is not registered in the Division of Corporations in Florida.

18. Branden Grimshaw does own Endurance Capital, LLC which is located in West Palm Beach.

19. IBuyHomes purchases properties for cash and sells them to consumers and other investors.[4]

20. Defendant IBuyHomes sends solicitation text messages about properties for sale, as per Plaintiff's experience.

21. Defendant IBuyHomes places telemarketing text messages to phone numbers that are registered on the DNC, as per Plaintiff's experience.

22. Defendant IBuyHomes hires appointment setters who place cold calls to generate business:




**Imran Khan**
Virtual Assistant | Real Estate | Cold Caller | Appointment Setter |

**Appointment Setter**
Ibuyhomes.Com · Full-time
Aug 2019 - Mar 2020 · 8 mos
Florida, United States

I Worked there as Cold Callers. I used to dial on the provided leads and have to find the interested seller who wants to sell their properties. I asked them pre-qualified questions and transfer the details to the manager who closes the property by meeting them in person [5]

23. In response to these text messages, Plaintiff Ozburn brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

---

[4] https://ibuyhomes.com/
[5] https://www.linkedin.com/in/imran-khan-19a57920a/?originalSubdomain=pk

## PLAINTIFF OZBURN'S ALLEGATIONS

24. Plaintiff Ozburn is the sole owner and user of his cell phone number ending in 7889.

25. Plaintiff Ozburn registered his cell phone number on the DNC on June 21, 2007.

26. Plaintiff Ozburn uses his cell phone number for personal use only. It is not associated with a business.

27. On December 8, 2023 at 12:06 PM, Plaintiff Ozburn received an unsolicited text message from Defendant to his cell phone promoting the sale of an off-market property, from 561-794-2009.

28. Later on December 8, 2023, at 2:26 PM, Plaintiff Ozburn received a 2nd unsolicited text message from Defendant to his cell phone, again promoting the sale of an off-market property, asking if Plaintiff is looking to purchase a property. This text message was also sent from 561-794-2009.

29. On December 9, 2023, Plaintiff Ozburn received 3 more unsolicited text messages from the Defendant to his cell phone, from 561-794-2009, all soliciting property sales.

30. On December 11, 2023, Plaintiff Ozburn received 2 more unsolicited text messages from the Defendant to his cell phone, from 561-794-2009, all soliciting property sales:



31. When 561-794-2009 is texted, an automated system replies using the name Avril, the dispo sales assistant:

> Oh, hey! I'm Avril, the dispo sales assistant. Are you looking for off market deals right now?

6

32. After indicating interest in purchasing an off-market deal, the system replies with the following text:

> Ok. I'm going to shoot you the link with the details from my cell. It is a 513 area code. I have your name as . Is that correct?

33. Based on the above screenshot stating "I have your name as . Is that correct?" the texts are initially sent by an automated response system.

34. Upon replying "yes" to the above text, Secily Schmaltz, an IBuyHomes employee replies from 513-270-5913:



> This is Secily. Here is the info on the property we have over in Bowling Green right now, https://investorlift.com/p/111136 - and this one is for Memphis, https://investorlift.com/p/109147 -let me know what you think. Can you also confirm your first and last name?



[6]

35. Plaintiff Ozburn has never done business with IBuyHomes.

36. Plaintiff Ozburn was not looking to purchase or sell a property.

37. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Ozburn in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

38. Seeking redress for these injuries, Plaintiff Ozburn, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39. Plaintiff Ozburn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

---

[6] https://investorlift.com/company/endurance-capital-llc/property/84201/muscogee-county-columbus-ga-31907

8

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant IBuyHomes texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

40. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Ozburn anticipates the need to amend the Class definition following appropriate discovery.

41. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant IBuyHomes placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the text messages constitute a violation of the TCPA;

9

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. **Adequate Representation**: Plaintiff Ozburn will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Ozburn has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Ozburn and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Ozburn nor his counsel have any interest adverse to the Class.

44. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Ozburn. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Ozburn and the Do Not Call Registry Class)**

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Ozburn and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

49. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Ozburn and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

50. As a result of Defendant's conduct as alleged herein, Plaintiff Ozburn and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the

Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ozburn requests a jury trial.

**PAUL OZBURN**, individually and on behalf of all others similarly situated,

DATED this 8th day of January, 2024.

By: /s/ *Stefan Coleman*

Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*